J-A07024-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                               :               PENNSYLVANIA
                                               :

             v.                                 :

DERRICK ALLEN STALFORD     :

            Appellant        :    No. 416 MDA 2025

Appeal from the Judgment of Sentence Entered March 18, 2025
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0000382-2024

BEFORE:  BOWES, J., DUBOW, J., and NEUMAN, J.

MEMORANDUM BY DUBOW, J.÷              **FILED: APRIL 20, 2026**

Appellant, Derrick Allen Stalford, appeals from the March 18, 2025, judgment of sentence entered in the Adams County Court of Common Pleas following his conviction of three counts of Driving Under the Influence ("DUI").[1]  Appellant challenges the denial of his motion to suppress.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  On January 23, 2024, Trooper Dillon Tamecki observed Appellant's white van exceeding the maximum speed limit and effectuated a traffic stop.[2]  Appellant was the driver and sole occupant of the vehicle.  While speaking with Appellant,

---

[1] 75 Pa.C.S. §§ 3802(d)(1)(i), (iii), and (d)(2).  The court also convicted Appellant of the summary traffic offense of Exceeding Maximum Speed Limits.  ***Id.*** at § 3362(a)(2).

[2] Appellant does not contest the legality of the initial traffic stop.

Trooper Tamecki smelled the odor of burnt marijuana emanating from the vehicle and noticed that Appellant had bloodshot and glassy eyes. Trooper Tamecki asked Appellant to step out of the vehicle to conduct field sobriety testing. Once outside the vehicle, Appellant admitted that he had recently smoked marijuana. As Appellant showed signs of impairment during the field sobriety tests, Trooper Tamecki arrested him for suspicion of DUI and transported him to the hospital for a blood draw.

Before trial, Appellant filed a pre-trial motion to suppress, arguing that Trooper Tamecki unjustifiably extended the traffic stop to conduct field sobriety testing and that the court should, therefore, suppress all evidence obtained after that unlawful detention. On September 23, 2024, the court held a suppression hearing. Trooper Tamecki testified, *inter alia*, that he could discern the difference between the smell of raw and burnt marijuana and that Appellant's car smelled of burnt marijuana. Trooper Tamecki also testified that based upon the strong odor of burnt marijuana and Appellant's bloodshot and glassy eyes, he had reasonable suspicion that Appellant was driving under the influence of a controlled substance and was therefore justified in prolonging the motor vehicle stop to conduct field sobriety testing.

At the conclusion of the hearing, the court denied Appellant's motion to suppress.

On December 10, 2024, following a stipulated bench trial, the court found Appellant guilty of the above offenses. On March 18, 2025, the court sentenced Appellant to 6 months of probation.

This timely appeal followed. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review: "Whether the [t]rial [c]ourt erred in finding that there was reasonable suspicion to detain [Appellant] for [DUI] where the only evidence of DUI was that he had bloodshot or glassy eyes and that there was a smell of burnt marijuana flower, oil, or wax[?]" Appellant's Br. at 4.

Appellant concedes that the initial traffic stop was legal but argues that Trooper Tamecki did not have reasonable suspicion of DUI required to prolong the traffic stop and conduct field sobriety testing. *Id.* at 10-13. Appellant argues that Trooper Tamecki could not rely on the odor of burnt marijuana to justify his reasonable suspicion of DUI because individuals with a medical marijuana card can legally consume oil and wax marijuana with a vaporizer, which could have produced the burnt odor. *Id.* at 11. Appellant cites to Trooper Tamecki's testimony at the suppression hearing where Trooper Tamecki defined "burnt marijuana" as odor from either burnt flower "and/or THC wax or oil." *Id.* (citing N.T. Supp. Hr'g at 10).

"Our standard of review for the denial of a suppression motion is *de novo* and is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." ***Commonwealth v. Ochoa***, 304 A.3d 390, 396 (Pa. Super. 2023) (citation omitted). "Our scope of review is to consider only the evidence of the Commonwealth and so much of the evidence for the

- 3 -

defense as remains uncontradicted when read in the context of the suppression record as a whole." *Id.* (citation omitted). "When the sole issue on appeal relates to a suppression ruling, our review includes only the suppression hearing record and excludes from consideration evidence elicited at trial." *Id.* (citation omitted).

"The tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's 'mission' - to address the traffic violation that warranted the stop and attend to related safety concerns." *Commonwealth v. Sloan*, 303 A. 3d 155, 163 (Pa. Super. 2023) (citation omitted). However, an officer may develop suspicions of additional criminal activity before the initial traffic stop's purpose has been fulfilled and, in that case, "detention may be permissible to investigate the new suspicions." *Id.* (citation omitted).

"The 'new detention' must be supported by reasonable suspicion." *Id.* at 164. "To establish grounds for 'reasonable suspicion' . . . the officer must articulate specific observations which, in conjunction with reasonable inferences derived from these observations, led him reasonably to conclude, in light of his experience, that criminal activity was afoot and the person he stopped was involved in that activity." *Id.* (citation omitted).

In *Sloan*, this Court held that because it is unlawful to smoke medical marijuana in Pennsylvania, an officer may have reasonable suspicion that marijuana was being illegally ingested if the officer smells burnt marijuana during a traffic stop. *Id.* at 165. Further, unlike alcohol, "[b]ecause marijuana is a Schedule I controlled substance, the Vehicle Code prohibits an

individual from operating a vehicle after consuming **any** amount of marijuana." **Commonwealth v. Jones**, 121 A.3d 524, 529 (Pa. Super. 2015).

Here, the trial court found that before the initial stop's purpose had been fulfilled, "Trooper Tamecki formed reasonable suspicion permitting him to investigate whether Appellant was DUI[,]" specifically when Trooper Tamecki smelled the odor of burnt marijuana and observed Appellant, who had been driving, with bloodshot and glassy eyes. Trial Ct. Op. at 6. That reasonable suspicion justified his extension of the original motor vehicle stop into a secondary DUI investigation.

We conclude that the trial court did not err or abuse its discretion in denying Appellant's motion to suppress. Pursuant to **Sloan, supra**, when Trooper Tamecki smelled the burnt marijuana odor and observed Appellant's bloodshot and glassy eyes, he had reasonable suspicion to justify further investigation of the suspected DUI. While Appellant asserts that Trooper Tamecki could have smelled burning oil or wax, medical marijuana users cannot operate a vehicle after consuming **any** amount of marijuana, regardless of the method of consumption. **See Jones**, 121 A.3d at 529. Accordingly, Trooper Tamecki had reasonable suspicion of DUI and could prolong the traffic stop to investigate that new suspicion. We, therefore, conclude that the trial court did not err in denying Appellant's motion to suppress.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/20/2026